# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SCOTT BRASHER,<br><br>    Plaintiff,<br><br>v.<br><br>NEW JERSEY STATE PARK POLICE, *et al.*,<br><br>    Defendants. | Case No. 2:20-cv-01351-BRM-SDA<br><br><br><br>**ORDER** |

**THIS MATTER** is before the Court on Defendants New Jersey State Park Police ("NJSPP"), NJSPP Sergeant Brian Calloway ("Calloway"), NJSPP Officer Bairon Serna ("Serna"), and NJSPP Officer Jeremiah Clancy's ("Clancy") (collectively, "Defendants") Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56 (ECF No. 117) and Plaintiff Scott Brasher's ("Plaintiff") Cross-Motion for Summary Judgment Against Defendant Serna (ECF No. 118). Plaintiff's Cross-Motion also serves as an opposition to Defendants' Motion. (*Id.*) Defendants filed a reply in support of the Defendants' Motion (ECF No. 119) and Plaintiff filed a reply in support of the Cross-Motion (ECF No. 120). Having reviewed and considered the submissions filed in connection with the Motion and having declined to hold oral argument pursuant to Federal Rule of Civil Procedure 78(b), for the reasons set forth in the accompanying Opinion and for good cause having been shown,

**IT IS** on this 30th day of January 2025,

**ORDERED** that Plaintiff's Motion for Summary Judgment as to Defendant Serna (ECF No. 118) is **DENIED**; and it is further

**ORDERED** that Defendants' Motion for Summary Judgment (ECF No. 117) is **GRANTED** as to the claims against NJSPP; and it is further

**ORDERED** that Defendants' Motion for Summary Judgment (ECF No. 117) is **GRANTED** as to the false arrest, false imprisonment, fabrication of evidence, malicious prosecution, and failure to intercede claims under 42 U.S.C. § 1983 in Count I of the Amended Complaint (ECF No. 36); and it is further

**ORDERED** that Defendants' Motion for Summary Judgment (ECF No. 117) is **GRANTED** as to the common law claim of false arrest and false imprisonment in Count III of the Amended Complaint (ECF No. 36); and it is further

**ORDERED** that Defendants' Motion for Summary Judgment (ECF No. 117) is **DENIED** as to the use of excessive force claim under 42 U.S.C. § 1983 in Count I, the excessive force claim under the New Jersey Civil Rights Act, N.J.S.A. § 10:6-2 *et seq.* in Count II, and the common law claim of assault and battery in Count IV of the Amended Complaint (ECF No. 36); and it is further

**ORDERED** that Defendants' Motion for Summary Judgment (ECF No. 117) is **DENIED** as to the common law claim of negligence in Count VI of the Amended Complaint (ECF No. 36) to the extent it arises from the alleged use of excessive force against Plaintiff, but **GRANTED** as to all other alleged negligent acts or omissions; and it is further

**ORDERED** that, pursuant to Plaintiff's voluntary dismissal (ECF No. 118-1), Counts V and VII of the Amended Complaint (ECF No. 36) and all claims against Defendants Clancy, Serna, and Calloway in their official capacities are **DISMISSED**; and it is further

**ORDERED** that, pursuant to Federal Rule of Civil Procedure 21, all claims against John Doe Defendants in Amended Complaint (ECF No. 36) are **DISMISSED**; and it is further

**ORDERED** that the Clerk of Court will reopen the civil case in this matter.[1]

                                              */s/ Brian R. Martinotti*
                                              **HON. BRIAN R. MARTINOTTI**
                                              **UNITED STATES DISTRICT JUDGE**

---

[1] The Clerk of Court was directed to administratively terminate this matter while the parties pursued mediation on August 24, 2023. (ECF No. 89.) Because the parties were unable to resolve this matter through mediation, the case was reopened to allow dispositive motion practice on December 12, 2023, but the civil docket was not updated to reflect this development. (ECF No. 96.)